**COVENANT MEDIA OF CALIFORNIA, L.L.C.**

v.

**CITY OF HUNTINGTON PARK, CALIFORNIA**

**No. CV 05–2885 CAS (VBKX).**

United States District Court, C.D. California.

June 5, 2006.

Brian C Shapiro, Lawrence D Rohlfing Law Offices, Santa Fe Springs, E Adam Webb, Webb Law Group, Atlanta, GA, for Covenant Media of California LLC, Plaintiff.

H Francisco Leal, Leal & Olivas, Los Angeles, Randal R Morrison, Sabine & Morrison, San Diego, Tim M Hoffman, Leal and Hernandez, Los Angeles, William D Brinton, Rogers Towers, Jacksonville, FL, for City of Huntington Park California, Defendant.

SNYDER, District Judge.

**Proceedings: (IN CHAMBERS): PLAINTIFF'S MOTION TO RECOVER ITS ATTORNEYS' FEES AND COSTS (filed March 7, 2006)**

Plaintiff Covenant Media of California, L.L.C. ("Covenant") is in the business of "erecting and operating advertising signs that are utilized by businesses, churches, organizations and individuals to communicate commercial and noncommercial messages." On April 19, 2005, plaintiff filed this action against the City of Huntington Park, California ("the City"), challenging the City's rejection of Covenant's applications to post advertising signs at various locations throughout the City. Specifically, plaintiff contended that the City's sign regulation, codified at Title 9, Chapter 3, Article 9, § 9–3.1201, et seq. ("the Prior Sign Ordinance") was unconstitutional under the First and Fourteenth Amendments to the United States Constitution, as well as under Article 1, section 2 of the California Constitution.

On May 18, 2005, plaintiff filed a motion for preliminary injunction, requesting that the Court enter an order preliminarily enjoining enforcement of the Prior Sign Ordinance. Thereafter, the City repealed the Prior Sign Ordinance, and enacted Ordinance 754–NS, codified at Title 9, Chapter 3, Article 12, as an "urgency measure," effective June 20, 2005 ("the Current Sign Ordinance"). On the same day that it repealed the Prior Sign Ordinance, the City passed Resolution No.2005–34, which indicated that the City had no intention of resuming enforcement of the Prior Sign Ordinance. By order dated July 18, 2005, the Honorable Margaret M. Morrow, United States District Judge, who was then presiding over this action, denied plaintiff's motion for preliminary injunction as moot, based on the City's repeal of the Prior Sign Ordinance, and on the uncontroverted evidence that the City had no intention of reenacting it. *Covenant Media of California, L.L.C. v. City of Huntington Park, California,* 377 F.Supp.2d 828, 842 (2005).

On August 2, 2005, the present action was transferred to this Court for all further proceedings. On August 22, 2005, plaintiff filed a First Amended Complaint, which, among other things, challenged the Current Sign Ordinance on constitutional grounds. On October 26, 2005, plaintiff applied to the Court *ex parte* for an order granting leave to file a Second Amended Complaint. Specifically, plaintiff asserted: "Having achieved its primary litigation objective of forcing the City to correct its unconstitutional sign regulations, Covenant has decided to withdraw all claims asserted within its First Amended Complaint except its claim for attorneys' fees and costs." Ex Parte Application for an Order Allowing Plaintiff Leave to File a Second Amended Complaint ¶ 2. By order dated October 28, 2005, the Court granted plaintiff's *Ex Parte* Application, and on November 4, 2004, plaintiff filed its Second Amended Complaint, alleging a single claim to recover its attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5.[1]

---

1. On March 15, 2006, defendant filed a motion for judgment on the pleadings, on grounds that plaintiff's Second Amended Complaint ("SAC") fails to state a cause of action insofar as it does not assert any claims on the merits, asking only for an award of attorneys' fees and costs. On April 3, 2006, the Court heard oral argument on the motion, and expressed its tentative view that plaintiff's

SAC should be stricken, to the extent that its claim for attorneys' fees is incident to the underlying action, and need not be alleged in the underlying complaint. April 3, 2006 Order at 2 (citing *Washburn v. Berkeley*, 195 Cal.App.3d 578, 583, 240 Cal.Rptr. 784 (1987)("There is no requirement that the intent to seek attorney fees under section

On March 7, 2006, plaintiff filed the present motion, seeking to recover its attorneys' fees and costs incurred in prosecuting the present action, pursuant to California Code of Civil Procedure § 1021.5 ("section 1021.5"). The Court held a hearing on the motion on April 3, 2006. By order dated April 3, 2006, the Court held that it has subject matter jurisdiction to award fees and costs, but that the record was insufficient to establish whether an award of fees pursuant to section 1021.5 is proper Specifically, the Court stated:

The Court concludes that plaintiff has failed to establish that its prosecution of the present action imposed a financial burden which is out of proportion to plaintiff's individual stake in the matter, as required for an award of attorneys' fees pursuant to section 1021.5. As previously noted, plaintiff has the burden of establishing that it satisfies each of the requirements of section 1021.5. *See, e.g., Beach Colony II,* 166 Cal.App.3d at 113, 212 Cal.Rptr. 485 ("[Plaintiff] bears the burden of establishing that its litigation costs transcend its personal inter-

est."). Plaintiff concedes that it had a personal stake in the outcome of the litigation. However, plaintiff has not presented any evidence as to what economic benefit it would have received if it had prevailed on its claims, and the Court had awarded the requested relief. Accordingly, the Court cannot determine the extent of plaintiff's individual stake in the present action, and therefore cannot make the required comparison of plaintiff's individual stake to the cost of litigation. Insofar as plaintiff has failed to satisfy its burden of establishing that its litigation costs transcend its personal interest, the Court concludes that an award of private attorney general fees pursuant to section 1021.5 would be inappropriate on the present record.

April 3, 2006 Order at 7–8. Accordingly, the Court permitted plaintiff to submit a supplemental brief and/or supplemental declarations in support of the present motion, limited to the issue of plaintiff's individual stake in the present action at the time plaintiff filed suit.[2] On April 26, 2006, plaintiff filed a supplemental brief, along

---

1021.5 must be pleaded in the underlying action. Such fees are not part of the underlying cause of action, but are incidents to the cause.")). At oral argument, the parties agreed with the Court's tentative view, and the Court therefore ordered the SAC stricken from the record. In addition, the Court directed plaintiff to submit a proposed order, on or before April 17, 2006, dismissing all claims alleged in the First Amended Complaint ("FAC") which plaintiff's counsel stated were intended to be dismissed at the time of the filing of the SAC. The Court indicated that it would thereafter retain jurisdiction for the purpose of adjudicating plaintiff's present motion to recover its attorneys' fees and costs.

It appears from the record that on April 17, 2006, plaintiff attempted to file the proposed order, in accordance with the Court's order. However, by reason of a document discrepancy in the proposed order, it was ordered to not be filed, and instead rejected. In light of plaintiff's statements in its Ex Parte Applica-

tion for leave to file a SAC, and at the April 3, 2006 hearing, the Court concludes that plaintiff has sufficiently manifested its intent to dismiss the claims alleged its FAC. Accordingly, the Court hereby therefore DISMISSES plaintiff's First Amended Complaint, without prejudice.

2. In addition, the Court permitted the City to conduct limited discovery, and to file a supplemental brief, both limited to the issue of plaintiff's individual stake in the outcome of this litigation. The Court directed the parties to file a stipulation setting forth a briefing schedule and discovery cutoff, provided that the City's supplemental brief be filed no later than sixty days thereof. The Court indicated that the matter would thereafter stand submitted. No stipulation was filed, and the City did not file a supplemental brief. In any event, the deadline for the City to submit a supplemental brief has expired, and the Court concludes that the issue is ripe for determination.

with the declaration of Morgan Hudgens, plaintiff's authorized representative. Plaintiff's motion for an award of attorneys' fees and costs is presently before the Court.

■ As the Court noted in its April 3, 2006 order, in determining whether a plaintiff satisfies its burden of establishing that its litigation costs transcend its personal interest, as required for an award of attorneys' fees pursuant to section 1021.5, the Court must engage in "a realistic and practical comparison of the litigant's personal interest with the cost of suit," in order to assess "whether the cost of litigation is out of proportion to the litigant's stake in the litigation." *Families Unafraid to Uphold Rural El Dorado County v. Bd. of Supervisors,* 79 Cal.App. 4th 505, 515, 94 Cal.Rptr.2d 205 (2000). Attorneys' fees are therefore awarded under section 1021.5 only "when a significant public benefit is conferred by one whose personal stake is insufficient to otherwise encourage the action." *Beach Colony II v. California Coastal Comm'n,* 166 Cal.App.3d 106, 114, 212 Cal.Rptr. 485 (1985). Accordingly, "[i]t is within the trial court's discretion to deny attorneys' fees pursuant to section 1021.5 on the ground that the plaintiff's personal stake in the outcome was not disproportionate to the burden of private enforcement, even where the litigation enforced an important right and conferred a significant benefit upon the public." *Satrap v. Pacific Gas & Electric Co.,* 42 Cal.App.4th 72, 78, 49 Cal.Rptr.2d 348 (1996).

In its supplemental brief, plaintiff states that plaintiff "did not anticipate that it would profit from this litigation," and that "[i]f the company had been thinking solely of its own financial interests, this case would not have been filed." Suppl. Brief at 5 (citing Third Declaration of E. Adam Webb ¶ 2). Plaintiff contends that to determine the "estimated value" of the case

for purposes of assessing plaintiff's personal stake, the potential individual recovery should be multiplied by the probability of success at the time crucial litigation decisions were made. *Id.* at 6 (citing, *inter alia, Lyons v. Chinese Hosp. Ass'n,* 136 Cal.App.4th 1331, 1352, 39 Cal.Rptr.3d 550 (2006)). In the present action, plaintiff states that "while the signs inarguably would have generated a large profit (approximately $2,250 per month per sign . . .), the chances of ever realizing this profit were low," and therefore argues that, given that the costs of litigation are currently in excess of $55,000, "[plaintiff's] financial motivation was insufficient to bring this suit absent the 'bounty' of a court-ordered fee award." *Id.* at 7. Finally, plaintiff argues that "even if the litigation costs did not exceed the estimated value of this case, an award of fees would still be appropriate because of the significant benefit this litigation conferred upon the public." *Id.* at 8 (internal citations omitted). Accordingly, plaintiff contends that it is entitled to recover its attorneys' fees and costs pursuant to section 1021.5.

■ The Court disagrees. The Court is mindful that, for the reasons set forth in the Court's April 3, 2006 order, the present suit served to confer a substantial benefit on the public, insofar as it was a catalyst the City's codification of important First Amendment protections. However, the Court is unpersuaded, as plaintiff contends, that plaintiff has satisfied its burden of establishing that its prosecution of the present action imposed a financial burden which is out of proportion to plaintiff's individual stake in the matter, as required for an award of attorneys' fees pursuant to section 1021.5. According to Morgan Hudges, plaintiff's authorized agent, each sign would likely have generated "in the vicinity of $2,250 per month," after taking into account costs associated with land rents, fabrication and installation, and ad-

vertising agency commissions. Declaration of Morgan Hudges ¶¶ 14–15. Each of the fourteen signs for which plaintiff sought permits was therefore expected to generate $27,000 in revenue per year. In one year alone, plaintiff would stand to generate $378,000 in income from the signs for which permits were sought. Accordingly, and as plaintiff readily concedes, plaintiff had a substantial financial stake in the outcome of this litigation. Nevertheless, plaintiff contends that it is entitled to fees because the likelihood of obtaining the relief sought was very low at the outset of the litigation. The Court is simply not persuaded. Under the circumstances, it cannot be said that plaintiff has satisfied its burden of establishing that its litigation costs transcend its personal interest in the outcome of the litigation, as required to support an award of fees pursuant to section 1021.5.

In accordance with the foregoing, the Court hereby DISMISSES plaintiff's First Amended Complaint, without prejudice, and DENIES plaintiff's motion for an award of attorneys' fees and costs.

IT IS SO ORDERED.